### GUILFORD HATHAWAY *vs.* HENRY H. FISH & another.

If a fund is bequeathed to trustees, in trust that they shall pay unto the testator's grand-children so much of the net yearly income thereof as the trustees in their discretion shall deem necessary, suitable and proper for their good education and support, not to exceed in any one year a certain sum, and at the expiration of twenty years pay over to his heirs at law all the trust fund, with the dividends, interest and profits thereof, to be divided among them according to law, the whole fund is taxable, under Gen. Sts. *c.* 11, § 12, *cl.* 6, to the heirs at law, in the place of their residence, if within the state.

CONTRACT brought by the collector of taxes of Freetown for the year 1865 against trustees appointed by the will of Job Terry, late of Freetown, deceased, to recover a tax assessed in that year upon the trust fund in Freetown.

It was agreed, in the superior court, that Terry died domiciled in Freetown, in 1861, leaving a will, which was proved in 1861 by the executor, who also lived in Freetown, and which contained the following bequest :

" I give, bequeath and devise all my bank and railway stock, wheresoever being, unto Henry H. Fish and Leander Borden of Fall River, in said county of Bristol," " to have and to hold the said stocks upon the trusts and for the purposes and intents hereinafter mentioned, that is to say, that they, the said trustees, will take into their possession said stocks, with power to sell and convey the same or any part thereof, and the moneys accruing therefrom, and the dividends, interest and profits thereof,

from time to time at their discretion will invest in safe and profitable money stocks or in mortgages on good real estate ; " " and in further trust that the said trustees will from time to time pay unto my grandchildren so much of the net yearly income of said trust fund, and the dividends, interests and profits thereof, as they in their discretion shall deem necessary, suitable and proper for their good education and support, not to exceed in any one year the sum of one thousand dollars ; and in further trust, that the said trustees shall at the expiration of twenty years from the day of my decease pay over to my heirs at law all the said trust fund, with the dividends, interest and profits thereof, to be divided between them according to law ; and I bequeath and devise the same accordingly."

The heirs and grandchildren of Terry, so far as known, all lived in Freetown, and the trustees lived in Fall River, at the time of assessing the tax in question. During the year ending May 1st 1865, the trustees paid to the parents of the grandchildren, for the purposes named in the will, $500 ; and during the following year $450. The whole income of the trust fund in each of those years was about $6700. The trustees were taxed for the whole fund in 1865 both in Freetown and Fall River.

If upon the foregoing facts the trustees were properly taxable in Freetown, it was agreed that judgment should be for the plaintiff; otherwise for the defendants. Judgment was rendered in the superior court for the plaintiff, and the defendants appealed to this court.

*J. M. Morton, Jr.,* for the defendants

*C. I. Reed,* for the plaintiff.

BIGELOW, C. J. Upon the facts agreed, the property held by the trustees was not taxable in Fall River, nor could it have been legally assessed to the trustees in Freetown. Under the will of the testator, the entire beneficial interest in the personal property belonged to his heirs at law ; the trustees were only to hold and invest the same, and the dividends, interest and profits which might accrue thereon for the term of twenty years, when the whole was to be divided and paid over to the heirs at law No portion of the income was required to be paid over to the

grandchildren of the testator during the period aforesaid; but the trustees were authorized, if in their discretion it was deemed necessary, to pay a small portion of the annual income from time to time to them, not to exceed in any one year the sum of one thousand dollars. Under this provision, it was competent for the trustees to withhold the entire income, and re-invest the whole of it for the future benefit of the heirs at law. Clearly, therefore, the property was placed in the hands of individuals as an accumulating fund for the future benefit of heirs, and comes within the express terms of Gen. Sts. c. 11, § 12, cl. 6. By that clause, it was properly taxable only to the heirs at law of the testator in the place of their residence within this common-wealth, which, as the facts find, was in Freetown.

By the form in which the statement of facts is drawn up, the plaintiff is not entitled to recover in this action, notwithstanding the tax was illegally assessed to the trustees in Fall River. It is only in the event that the court should decide that the trustees were properly taxable in Freetown for the trust fund, that the plaintiff was to recover judgment. But as the heirs at law, and not the trustees, were the proper persons to be assessed there for the property, the entry must be

*Judgment for the defendants.*